STATE *vs.* PETRO DEPALMA.

Cumberland.        Opinion August 8, 1929.

*Ralph M. Ingalls*, County Attorney,
*Walter M. Tapley*, Asst. County Attorney, for State.
*Joseph E. F. Connolly*, for respondent.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BASSETT, FARRINGTON, JJ.

STURGIS, J. During the trial of the respondent for illegal possession of intoxicating liquors in violation of the laws of Maine, he was asked:

Q. "Now a man, you say, lived there, Vacca — do you know whether or not he had been convicted of handling liquor?" . . . "While he lived at this place?"

Counsel for the respondent said his purpose in asking the question was "to show people had lived there who had been in the business, which would explain with other things, the presence of the hide. That is all it is for." Upon a general objection by the State, the answer was excluded, and exception reserved. A second exception, reserved to a refusal to direct a verdict for the respondent, is here abandoned.

The ruling below was correct. The responsive answer to the inquiry made could only be "yes" or "no" or an equivalent, a statement which in itself could neither add to or detract from the respondent's cause. No prejudice resulted from its exclusion.

Nor was the evidence admissible. It was offered presumably as preliminary to and a foundation for an assertion, by the respondent, of Vacca's conviction, that an inference might be drawn therefrom that Vacca, and not the respondent, was responsible for the presence on the premises of a hide in which the liquors found were concealed.

An inference founded upon hearsay is not more admissible in evidence than a fact obtained in a like manner. *Mason* v. *Tallman*, 34 Me., 472. Convictions are matters of court record, permanent and accessible. With no effort on the part of this respondent to

procure the better evidence of Vacca's conviction appearing, his statement of the conviction or his knowledge of it can be regarded only as hearsay evidence, furnishing no proper foundation for an inference of Vacca's responsibility for the hide, and inadmissible. *State* v. *Butler*, 113 Me., 1.

*Exceptions overruled.*
*Judgment for the State.*